# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE RODRIGUEZ, | ) | 1:07-cv-01403-LJO-TAG HC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS (Doc. 1) |
| SUPERIOR COURT OF FRESNO COUNTY, | ) ) ) ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 25, 2007, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner, who is presently incarcerated in the Fresno County Jail, Fresno, California, alleges that he is under arrest for assault with a deadly weapon and a civil adjudication of competency to stand trial. (Doc. 1, p. 2).  Petitioner has pleaded not guilty and is awaiting trial. (Id.).  He contends that his appointed public defender has not visited him in jail, that his attorney will not listen to him, that he does not understand the proceedings, and his attorney has refused to ask for Petitioner to be released on bail. (Id. at p. 3).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

///

4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

      A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). In contrast to the grant of habeas corpus authority under § 2254 for persons in custody pursuant to the judgment of a state court, § 2241 implements a general grant of habeas corpus authority for a person in custody "for some other reason, such as pre-conviction custody, custody awaiting extradition, or some other forms of custody that are possible without a conviction." White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004); see e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)(petitioner serving sentence in Alabama state prison can proceed under § 2241 to attack the validity of a Kentucky indictment underlying a detainer lodged against him by Kentucky officials on the grounds he had made repeated demands for speedy trial on the Kentucky indictment); McNeely v. Blanas, 336 F.3d 822 (9th Cir. 2003)(pretrial detainee held in custody for more than three years without a preliminary hearing or a trial can proceed under § 2241 with claim that his constitutional right to a speedy trial has been denied); Santamaria v. Horsley, 133 F.3d 1242 (9th Cir. 1998)(petitioner in custody after reversal and remand of his murder conviction can assert claim under § 2241 on grounds that retrial will violate his constitutional rights under Double Jeopardy Clause).

      In White v. Lambert, the Ninth Circuit explained that proceedings under 28 U.S.C. § 2241 "would not be subject to: (1) the one-year statute of limitations provision of [the Anti-Terrorism and Effective Death Penalty Act (AEDPA)], 28 U.S.C. § 2244(d)(1); (2) the extremely deferential review of state court decisions under 28 U.S.C. § 2254(d)(1) and (2); (3) AEDPA's limitations on successive petitions, 28 U.S.C. § 2244(b)(2); and (4) state court exhaustion requirements." White, 370 F.3d at 1008.

      Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings

involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). Where there is an "opportunity" to present the claims in ongoing state proceedings, "[n]o more is required to invoke Younger abstention." Juidice v. Vail, 430 U.S. 327, 337 (1977). The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims. Moore v. Sims, 442 U.S. 415, 430 (1979). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

Thus, a petitioner seeking pre-conviction habeas under 28 U.S.C.§ 2241 must await the outcome of state proceedings before commencing his federal habeas corpus action unless "special circumstances" warrant federal intervention. Braden, 410 U.S. at 489. The Ninth Circuit explained this general rule as a "logical implication of the abstention doctrine announced in Younger, which precludes federal injunctions of pending state criminal prosecutions absent 'extraordinary circumstances.'" Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980)(citations omitted). "Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process." Kugler v. Helfant, 421 U.S. 117, 124 (1975). "[C]ircumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Id. at 125.

The Supreme Court has held that federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-814 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189 (1959). In determining whether it *should* abstain, a federal court should consider problems which can occur when two courts

assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings. Colorado River Water Conservation Dist., 424 U.S. at 818-819. "Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction of habeas corpus until after the jury comes in, judgment has been appealed from, and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 765 (9th Cir. 1972). The special circumstances that may warrant pretrial federal habeas intervention include harassment, bad faith prosecutions and other circumstances where irreparable harm can be proven. Carden, 626 F.2d at 83-84.

      The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). As is true with the Younger abstention doctrine, the rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). Where, as in this case, a petitioner seeks pre-conviction habeas relief, "the exhaustion doctrine serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Id. at 83. The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

      In this case, Petitioner, who is awaiting trial and has yet to be convicted or sentenced, contends that he is not receiving adequate representation from his court-appointed attorney, that his attorney does not meet with him or talk to him, that he does not understand the proceedings in court and neither the judge nor his attorney will explain matters to him, and, finally, that his attorney will not perform some tasks that Petitioner wishes him to perform, including requesting release on bail.

1    These claims of ineffective assistance of trial counsel are premature and do not justify
2 this Court's intervention in state court proceedings.  In order to succeed on an ineffective
3 assistance of counsel claim, a petitioner must first demonstrate that counsel's performance was
4 deficient, that is, the performance "fell below an objective standard of reasonableness."
5 Strickland v. Washington, 466 U.S. 668, 687 (1984).  Petitioner must show counsel's
6 performance fell outside a "wide range of reasonableness." Weighall v. Middle, 215 F.3d 1058,
7 1063 (9th Cir.2000).  "There is a strong presumption that counsel's conduct falls within [this]
8 wide range of reasonable professional assistance . . . ." Downs v. Hoyt, 232 F.3d 1031, 1038
9 (9th Cir.2000). "[Petitioner] must overcome the presumption that, under the circumstances, the
10 challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689.  Second,
11 even if the petitioner can establish that counsel's performance was constitutionally deficient, he
12 still must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the
13 result of the proceeding would have been different." Id.  It is not necessary to evaluate both
14 prongs of the Strickland test if the petitioner fails to establish one. Pollard v. White, 119 F.3d
15 1430, 1435 (9th Cir.1997).
16    Thus, in order to succeed on an ineffective assistance of counsel claim under Strickland, a
17 defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional
18 errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687.
19 Petitioner cannot establish this prejudice prong because the state proceeding has not concluded.
20 As previously stated, the trial has not even commenced.  Furthermore, as discussed above,
21 comity and federalism preclude this Court from intervening in the State's criminal prosecution of
22 Petitioner.   Petitioner has not demonstrated "extraordinary circumstances" to justify federal
23 intervention or that he will be irreparably injured by waiting until after trial to assert his claims,
24 Carden, 626 F.2d at 83-84. nor has he shown that his opportunity to raise these constitutional
25 claims within the state court proceedings is inadequate. Middlesex County Ethics Committee,
26 457 U.S. at 432. Moreover, Petitioner does not allege that he has exhausted these claims in state
27 court by presenting them to the highest state court that has a full and fair opportunity to consider
28 ///

1  them. 28 U.S.C. § 2254(b). For all of these reasons, this Court should abstain from
2  consideration of the instant petition.

### RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 3, 2007**             /s/ Theresa A. Goldner
                                     UNITED STATES MAGISTRATE JUDGE